## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **TINA ULM** and **JARED ULM**, | ) CASE NO. |
| | ) |
| *Individually and on behalf of all others* | ) JUDGE |
| *similarly situated,* | ) |
| | ) **PLAINTIFFS' CLASS AND** |
| Plaintiffs, | ) **COLLECTIVE ACTION** |
| | ) **COMPLAINT** |
| *v.* | ) |
| | ) **(Jury Demand Endorse Herein)** |
| **ARTEMIS CARE LLC** | ) |
| c/o Statutory Agent Farah Jafri | ) |
| 7480 Champaign Ave. NW | ) |
| Canal Fulton Ohio 44614 | ) |
| | ) |
| *and* | ) |
| | ) |
| **FARAH JAFRI** | ) |
| 7480 Champaign Ave. NW | ) |
| Canal Fulton Ohio 44614 | ) |
| | ) |
| *and* | ) |
| | ) |
| **JOHN THOMAS STENGER JR.** | ) |
| 2841 Riviera Dr., Suite 300 | ) |
| Fairlawn, OH 44333 | ) |
| | ) |
| Defendants. | ) |

Plaintiffs Tina Ulm and Jared Ulm, *individually and on behalf of themselves and all others similarly situated*, by and through counsel, for their Class and Collective Action Complaint against Artemis Care LLC, Farah Jafri, and John Thomas Stenger Jr. (hereinafter also collectively referred to as "Defendants"), state and allege the following:

### INTRODUCTION

1.      The Fair Labor Standards Act of 1938, as amended (the "FLSA"), 29 U.S.C. §

201, *et seq.*, is a broadly remedial and humanitarian statute designed to correct "labor conditions

detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers[,]" 29 U.S.C. § 202(a), as well as "to protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Ark Best Freight Sys. Inc*., 450 U.S. 728, 739 (1981). The FLSA required Defendants to pay all non-exempt employees at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours each workweek. 29 U.S.C. § 207. Ohio statutory law further required the payment of overtime compensation and/or contained other compensation requirements and/or penalties. *See* O.R.C. §§ 4111.03(A), 4113.15, 2307.60.

2.      Plaintiffs bring this case to challenge the practices and policies of Defendants that willfully and intentionally violate the FLSA, 29 U.S.C. §§ 201-219, as well as the statutes of the State of Ohio, O.R.C. §§ 4111.03(A), 4113.15, 2307.60 ("Ohio Law").

3.      Plaintiffs bring this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated" (the "FLSA Collective").

4.      Plaintiffs also bring this case as a class action under Fed. R. Civ. P. 23 on behalf of themselves and other members of a class of persons who assert factually-related claims under Ohio Law (the "State Law Class").

5.      Plaintiffs and other members of the FLSA Collective and State Law Class now seek to exercise their rights to unlawfully unpaid overtime wages and additional statutory liquidated damages in this matter, other penalties including exemplary, punitive, and/or other damages, in addition to prejudgment and post-judgment interest, costs and attorneys' fees

incurred in prosecuting this action, the employer's share of relevant taxes and adjustments, and

such further relief as the Court deems equitable and just.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §

1331 and 29 U.S.C. § 216(b).

7.      This Court has supplemental jurisdiction over Plaintiffs' claims under Ohio Law

because those claims are so related to the FLSA claims as to form part of the same case or

controversy. 28 U.S.C. § 1367.

8.      Venue is proper in this judicial district and division pursuant to 28 U.S.C. §

1391(b) because one or more Defendant resides in this district and division and/or because all or

a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred here.

## PARTIES

9.      Plaintiff Tina Ulm is an individual, a citizen of the United States, and a resident of

the State of Ohio. Plaintiff Tina Ulm has completed an "Opt-In Consent Form" which is filed

and attached as Exhibit A.

10.      Plaintiff Jared Ulm is an individual, a citizen of the United States, and a resident

of the State of Ohio. Plaintiff Jared Ulm has completed an "Opt-In Consent Form" which is filed

and attached as Exhibit B.

11.      According to records maintained by the Ohio Secretary of State, Defendant

Artemis Care LLC's Statutory Agent for service of process is Defendant Farah Jafri, 7480

Champaign Ave. NW, Canal Fulton, Ohio 44614. [1]

12.       Defendant Farah Jafri is an individual and, upon information and believe, is a

member and an owner of, and/or has an ownership interest in, Artemis Care LLC.

---

[1] *See* https://businesssearch.ohiosos.gov?=businessDetails/2414479 (accessed Jan. 31, 2023).

13.     Defendant John Thomas Stinger Jr. is an individual and, upon information and believe, is a member and an owner of, and/or has an ownership interest in, Artemis Care LLC. Defendant John Thomas Stinger Jr. is the Chief Executive Officer at Artemis Care LLC.[2]  Upon information and belief, John Thomas Stinger Jr. regularly uses the name "Tom Stinger."

## FACTUAL ALLEGATIONS

### Defendants' Business and Defendants' Statuses as Employers of Plaintiffs and Other Members of the FLSA Collective and State Law Class

13.     Defendant Artemis Care LLC is a home health agency providing in-home health aides and/or employees with similar job titles and/or duties. Defendants operate Artemis Care LLC out of 2841 Riviera Dr. Suite 300, Fairlawn, Ohio 44333.[3]

14.     Defendants are an "employer" of Plaintiffs and other members of the FLSA Collective and State Law Class within the meaning of the FLSA, 29 U.S.C. § 203(d) and Ohio Law, O.R.C. §§ 4111.03(D)(3) and 4113.15.

15.     Defendant Farah Jafri is an employer pursuant to 29 U.S.C. § 203(d) in that she is a "person [who] act[ed] directly or indirectly in the interest of an employer," Artemis Care LLC, "in relation to employees," including Plaintiffs and other members of the FLSA Collective and State Law Class. Defendant Farah Jafri is also an employer pursuant to O.R.C. Chapter 4111 and O.R.C. § 4113.15, and had operational control over significant aspects of Artemis Care LLC's day-to-day functions, including the compensation of employees.

16.     Defendant John Thomas Stinger Jr. is an employer pursuant to 29 U.S.C. § 203(d) in that he is a "person [who] act[ed] directly or indirectly in the interest of an employer," Artemis Care LLC, "in relation to employees," including Plaintiffs and other members of the FLSA

---

[2] *See* https://www.linkedin.com/in/tom-stenger-07177953?challengeId= (accessed Jan. 31, 2023).
[3] *See* https://providerguideplus.com/artemis-care-llc-12816.html (last accessed Jan. 31, 2023).

Collective and State Law Class. Defendant John Thomas Stinger Jr. is also an employer pursuant to O.R.C. Chapter 4111 and O.R.C. § 4113.15, and had operational control over significant aspects of Artemis Care LLC's day-to-day functions, including the compensation of employees. According to his professional profile on LinkedIn.com, Defendant Stinger represents that he "[o]versee[s] the day-to-day operations for my company. Artemis Care takes care of developmentally disabled individuals. My 40+ employees provide daily homemaker and personal care services for individuals in Stark and Summit County."[4]

17.     Defendants utilize non-exempt employees, including Plaintiffs and other members of the FLSA Collective and State Law Class, in furtherance of their business purposes.

18.     At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r).

19.     At all times relevant, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

20.     Defendants operate and control an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

21.     At all times relevant, Defendants were each an employer of Plaintiffs and other members of the FLSA Collective and State Law Class as each Defendant exercised the power to hire or fire employees; supervised and controlled the employees' work or conditions of employment; determined employees' rates and methods of payment; and maintained or were required to maintain records, including employment records.

<u>**Plaintiffs,' the FLSA Collective's, and State Law Class's<br>Non-Exempt Employment Statuses with Defendant**</u>

---

[4] *See* https://www.linkedin.com/in/tom-stenger-07177953?challengeId= (accessed Jan. 11, 2023).

22.     Plaintiff Tina Ulm was employed by Defendants from approximately 2017 to January 2023 as an hourly home health aide.

23.     Plaintiff Jared Ulm has been employed by Defendants off and on from approximately 2020 to 2022 as an hourly home health aide.

24.     Throughout their employments, Defendants classified and paid Plaintiffs, as well as other members of the FLSA Collective and State Law Class, as non-exempt employees.

25.     At all times relevant, Plaintiffs and other members of the FLSA Collective and State Law Class were employees within the meaning of 29 U.S.C. § 203(e) and Ohio Law, O.R.C. §§ 4111.03(D)(3) and 4113.15.

26.      At all times relevant, Plaintiffs and other members of the FLSA Collective and State Law Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

**Defendants' Unlawful Failure to Pay Overtime Compensation**

27.     The FLSA and Ohio Law required Defendants to pay overtime compensation to their employees at the rate of one and one-half times their regular rate of pay for the hours they worked in excess of forty (40), as well as provided other pay requirements as applicable. 29 U.S.C. § 207; O.R.C. §§ 4111.03(A), 4113.15. *See* O.R.C. § 2307.60.

28.     Plaintiffs and other members of the FLSA Collective and the State Law Class regularly worked more than forty (40) hours in a single workweek.

29.     Although Defendants suffered and permitted Plaintiffs and other members of the FLSA Collective and the State Law Class to work more than forty (40) hours per workweek, Defendants failed to pay Plaintiffs and other members of the FLSA Collective and the State Law Class overtime at a rate of one and one half times the regular rate of pay for all hours worked

over forty (40) in a workweek. As a result, Plaintiffs and other members of the FLSA Collective and the State Law Class were willfully not properly paid overtime compensation for their overtime hours worked as required by the FLSA, 29 U.S.C. § 207, and Ohio Law, O.R.C. §§ 4111.03(A), 4113.15. *See* O.R.C. § 2307.60.

30.     Instead of compensating Plaintiffs and other members of the FLSA Collective and the State Law Class at one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek, Defendants paid Plaintiffs and other members of the FLSA Collective and the State Law Class less than one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek.

31.     Defendants shortchanged their non-exempt employees and failed to pay overtime compensation through unlawful practices that do not pay all overtime hours worked at one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek.

32.     Defendants consistently failed to timely pay Plaintiffs and other members of the FLSA Collective and the State Law Class for all hours, including overtime hours, worked, at the statutory overtime rate required. 29 U.S.C. § 207; O.R.C. § 4111.03(A); *see* O.R.C. §§ 4113.15, 2307.60.

### *Defendants' Failure to Pay Overtime Compensation as a Result of Defendants' Sleep Time Practices and/or Policies*

33.     During their employments with Defendants, Plaintiff Jared Ulm and other members of the FLSA Collective and State Law Class were required to work substantial amounts of overtime.

34.     Plaintiff Jared Ulm, by way of example, regularly worked sixty (60) or more hours per week as a home health aide.

35.    However, instead of compensating Plaintiff Jared Ulm and other members of the FLSA Collective and State Law Class at one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek, Defendants regularly paid Plaintiff Jared Ulm and other members of the FLSA Collective and State Law Class less than one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek.

36.    Although Defendants suffered and permitted Plaintiff Jared Ulm and other members of the FLSA Collective and State Law Class to work more than forty (40) hours per workweek, Defendants failed to pay Plaintiff Jared Ulm and other members of the FLSA Collective and State Law Class overtime at a rate of one and one half times the regular rate of pay for all hours worked over forty (40) in a workweek. As a result, Plaintiff Jared Ulm and other members of the FLSA Collective and State Law Class were not properly paid overtime for many of their overtime hours worked as required by the FLSA, 29 U.S.C. §§ 201, *et seq*., and Ohio Law.

37.    Under 29 C.F.R. § 785.22, an "employer and the employee may agree to exclude bona fide meal periods and a bona fide regularly scheduled sleeping" time from the count of compensable hours if: (i) an employee is required to be on duty for 24 hours or more; (ii) adequate sleeping facilities are furnished by the employer; (iii) the employee has a scheduled sleeping period of not more than eight hours, and (iv) the employee actually receives five uninterrupted hours of sleep. The regulation further states that "[i]f sleeping period is of more than 8 hours, only 8 hours will be credited" and that "[i]f the sleeping period is interrupted by a call to duty, the interruption must be counted as hours worked."

38.    As home health aides, Plaintiff Jared Ulm and other members of the FLSA Collective and State Law Class did not agree with Defendants to exclude "bona fide regularly

scheduled sleeping" time from the count of compensable hours. In fact, Defendants unilaterally decided to pay, and in fact did pay, hours for alleged "sleep times" at Plaintiff Jared Ulm's and other members of the FLSA Collective's and the State Law Class's regular, straight time rates. Defendant did not pay Plaintiff Jared Ulm and other members of the FLSA Collective and State Law Class at one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek that were classified by Defendant as "sleep time" hours in violation of the FLSA, 29 U.S.C. § 207, and corresponding Ohio Law.

39.     Moreover, to the extent that Plaintiff Jared Ulm and other members of the FLSA Collective and State Law Class did not work 24-hour or more shifts, Defendants were entirely disqualified from taking a sleep credit where home health aides worked such shifts less than 24-hours. *See* 29 C.F.R. § 785.21 ("[a]n employee who is required to be on duty for less than 24 hours is working even though he is permitted to sleep or engage in other personal activities when not busy.").

40.     Furthermore, Defendants did not furnish adequate sleeping facilities – home health aides were generally expected to sleep on the couches of client homes.

41.     In addition, Plaintiff Jared Ulm and other members of the FLSA Collective and State Law Class were not completely relieved of their job duties during overnight shifts as Plaintiff Jared Ulm and other members of the FLSA Collective and State Law Class were expected to assist Defendants' clients throughout the night. While working "sleep shifts," Plaintiff Jared Ulm and other members of the FLSA Collective and State Law Class were required to care for Defendants' clients as required by their job duties as home health aides. Plaintiff Jared Ulm and other members of the FLSA Collective and State Law Class were therefore regularly unable to use their time freely or to sleep at least five (5) hours without being

interrupted to perform their job duties. Because of Plaintiff Jared Ulm's and other members of the FLSA Collective's and State Law Class's job duties, Plaintiff Jared Ulm and other members of the FLSA Collective and State Law Class regularly could not sleep, nor did these employees regularly sleep, at least five (5) consecutive hours at a time while working sleep shifts for Defendants.

42.  Defendants' failure to compensate Plaintiff Jared Ulm and other members of the FLSA Collective and State Law Class for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay – as result of Defendant's straight time for hours miscategorized by Defendant as "sleep time" practices and/or policies – violates the FLSA, 29 U.S.C. § 207 and corresponding Ohio Law.

### Defendants' Failure to Pay Overtime Compensation as a Result of Defendants' Straight Time for Overtime Practices and/or Policies

43.  In addition, during the relevant period, from three years prior to the filing of this action and until approximately early 2021, instead of compensating Plaintiff Tina Ulm and other members of the FLSA Collective and State Law Class at one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek, Defendants paid Plaintiff Tina Ulm and other members of the FLSA Collective and State Law Class their regular, straight time hourly rates for all hours worked. Upon information and belief, despite starting to pay Plaintiff Tina Ulm overtime compensation in approximately early 2021 after Plaintiff Tina Ulm complained to management about the wrongful non-payment of overtime compensation, Defendants continued to pay straight time for all hours worked to other members of the FLSA Collective and State Law Class.

44.  Although Defendants suffered and permitted Plaintiff Tina Ulm and other members of the FLSA Collective and State Law Class to work more than forty (40) hours per

workweek, Defendants failed to pay Plaintiff Tina Ulm and other members of the FLSA Collective and State Law Class overtime at a rate of one and one half times the regular rate of pay for all hours worked over forty (40) in a workweek.

45.     As a result, Plaintiff Tina Ulm and other members of the FLSA Collective and State Law Class were not properly paid overtime for many of their overtime hours worked as required by the FLSA, 29 U.S.C. §§ 201, *et seq.*, and Ohio Law.

46.     Defendants' failure to compensate Plaintiff Tina Ulm and other members of the FLSA Collective and State Law Class for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay – as result of Defendant's straight time for overtime hours worked practices and/or policies – violates the FLSA, 29 U.S.C. § 207 and corresponding Ohio law.

<u>**The Willfulness of Defendants' Violations**</u>

47.     Defendants knew that Plaintiffs and other members of the FLSA Collective and State Law Class were entitled to overtime compensation under federal and state law or acted in reckless disregard for whether they were so entitled.

48.     By denying Plaintiffs and other members of the FLSA Collective and State Law Class overtime compensation as required by the FLSA and Ohio Law, Defendants' acts were not based upon good faith. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions requiring the proper and prompt payment of overtime compensation under federal and Ohio Law, as recited in this Complaint, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as required.

Defendants therefore knew about the overtime compensation requirements of the FLSA and Ohio Law, or acted in reckless disregard as to Defendants' obligations under these laws.

49.     Moreover, Defendants' obligations under these laws were clearly known by Defendants. For example, O.R.C. § 4111.09 provides that "[e]very employer subject to sections 4111.01 to 4111.17 of the Revised Code, or to any rules issued thereunder, shall keep a summary of the sections, approved by the director of commerce, and copies of any applicable rules issued thereunder, or a summary of the rules, posted in a conspicuous and accessible place in or about the premises wherein any person subject thereto is employed." As approved by the director of commerce, this conspicuously-placed posting includes the language: "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours in excess of 40 hours in one work week..." Defendants therefore knew about the overtime requirements of the FLSA and Ohio Law, or acted in reckless disregard for whether Plaintiffs and other members of the FLSA Collective and State Law Class were entitled to overtime compensation.

50.     In addition, Plaintiff Tina Ulm specifically complained to management about the wrongful non-payment of overtime compensation in or about early 2021. However, while Defendants started paying Plaintiff Tina Ulm overtime compensation, upon information and belief, and instead of correcting their unlawful actions and paying all members of the FLSA Collective and State Law Class as required by the FLSA and Ohio Law, Defendants continued to pay straight time for overtime hours to many of their non-exempt workers comprising of other members of the FLSA Collective and State Law Class. Thus, Defendants' continued decision to fail to properly pay overtime compensation, in the face of direct knowledge that their straight time for overtime pay practices violated the FLSA and Ohio Law, further demonstrates that

Defendants were acting intentionally, knowingly, and willfully in their violations of the FLSA and Ohio Law.

51.    Plaintiffs and other members of the FLSA Collective and State Law Class are therefore entitled to liquidated damages equal to the amount of all unpaid overtime compensation, pursuant to 29 U.S.C. § 260.

52.    Defendants intentionally, knowingly, and willfully circumvented the requirements of the FLSA and Ohio Law.

53.    The above payroll practices resulted in knowing and willful overtime violations of the FLSA, 29 U.S.C. §§ 201-219; O.R.C. §§ 4111.03, 4113.15, 2307.60; and resulted in the unlawful deprivation of wages to the detriment of Defendants' employees, including Plaintiffs and other members of the FLSA Collective and State Law Class.

## COLLECTIVE ACTION ALLEGATIONS

54.    Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

55.    Plaintiffs bring this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

56.    Plaintiffs bring this case on behalf of an FLSA collective group of employees of Defendants (referred to herein as the "FLSA Collective").

57.    The potential "opt-ins" who are "similarly situated" to Plaintiffs with respect to Defendants' FLSA violations as to the FLSA Collective consist of:

**All present and former non-exempt (including but not limited to commission-based, production-based, hourly, and salaried) employees of Defendants who**

13

**performed home care and/or related services during the period of three years preceding the commencement of this action to the present.**

58.     Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were non-exempt employees of Defendants, all were subjected to and injured by Defendants' unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty (40) per workweek, and all have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

59.     Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

60.     Plaintiffs cannot yet state the exact number of similarly-situated persons but aver, upon information and belief, that the FLSA Collective consists of fifty or more persons. Such persons are readily identifiable through the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA.

## CLASS ACTION ALLEGATIONS

61.     Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

62.     Plaintiffs also bring this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and other members of a class of persons who assert claims under the laws of the State of Ohio (the "State Law Class"), defined as:

**All present and former non-exempt (including but not limited to commission-based, production-based, hourly, and salaried) employees of Defendants who performed home care and/or related services during the period of two years preceding the commencement of this action to the present.**

63.     The State Law Class is so numerous that joinder of all class members is impracticable. Plaintiffs cannot yet state the exact number of class members but aver, upon information and belief, that they consist of approximately fifty or more persons. The number of class members, as well as their identities, are ascertainable from the payroll and personnel records Defendants have maintained, and were required to maintain, pursuant to the FLSA and Ohio Law. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; and Ohio Law.

64.     There are questions of law or fact common to the State Law Class, including but not limited to:

Whether Defendants' conduct as described above violates Ohio Law governing payment of overtime compensation;

Whether Defendants denied Plaintiffs and other members of the State Law Class earned and owed compensation where, among other things, these employees were not paid wages for their overtime hours worked at the overtime rates required to be paid;

Whether Defendants failed to pay Plaintiffs and other members of the State Law Class wages on a semimonthly or shorter basis as required by O.R.C. § 4113.15;

Whether Defendants' denial of Plaintiffs and other members of the State Law Class earned and owed compensation was a willful violation of federal and/or state law, entitling Plaintiffs and other members of the State Law Class to exemplary, punitive, and/or other damages pursuant to O.R.C. § 2307.60;

What amount of monetary relief will compensate Plaintiffs and other members of the State Law Class for Defendants' failure to pay all compensation, including overtime compensation, owed when the wages were required to be paid.

65.     Plaintiffs' claims are typical of the claims of other members of the State Law Class. Plaintiffs' claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of other class members.

66.     Plaintiffs will fairly and adequately protect the interests of the State Law Class. Plaintiffs' interests are not antagonistic to, but rather are in unison with, the interests of other

class members. Plaintiffs' counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the State Law Class in this case.

67.     The questions of law or fact that are common to the State Law Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

68.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

69.     Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

70.     Plaintiffs bring this claim for violation of the FLSA's overtime provisions on behalf of themselves and all other members of the FLSA Collective who may join this case pursuant to 29 U.S.C. § 216(b).

71.     The FLSA requires that non-exempt employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

16

72.     Plaintiffs and other members of the FLSA Collective should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

73.     Defendants did not pay overtime compensation to Plaintiffs and other members of the FLSA Collective at the rate of one and one-half times their regular rate for all of their overtime hours suffered or permitted to work by Defendants.

74.     Defendants knowingly, willfully, and/or in reckless disregard carried out an unlawful pattern and practice of failing to pay Plaintiffs and other members of the FLSA Collective overtime compensation. Defendants' deliberate failure to pay overtime compensation to Plaintiffs and other members of the FLSA Collective was neither reasonable, nor was the decision not to pay overtime made in good faith. By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force of law.

75.     As a result of Defendants' violations of the FLSA, Plaintiffs and other members of the FLSA Collective were injured in that they did not receive wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Plaintiffs and other members of the FLSA Collective to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

**COUNT TWO**
**(Ohio Overtime Violations)**

76.     Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

77.     Plaintiffs bring this claim for violation of Ohio Law, O.R.C. § 4111.03, on behalf of themselves and other members of the FLSA Collective and State Law Class.

78.     At all times relevant, Defendants were an entity covered by O.R.C. § 4111.03, and Plaintiffs and other members of the FLSA Collective and State Law Class are employees, and/or have been employed by, Defendants within the meaning of O.R.C. § 4111.03.

79.     Defendants' failure to compensate overtime hours worked "at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek" violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

80.     By their acts and omissions described in this Complaint, Defendants have violated O.R.C. § 4111.03, and Plaintiffs and other members of the FLSA Collective and State Law Class have been injured as a result.

81.     Defendants' violations of Ohio Law, O.R.C. § 4111.03(A) (providing that "an employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek, in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the 'Fair Labor Standards Act of 1938'"), injured Plaintiffs and other members of the FLSA Collective in that they did not receive wages due to them pursuant to Ohio Law and the FLSA.

82.     As a result of Defendants' willful violations of the FLSA and of O.R.C. § 4111.03, Plaintiffs and other members of the FLSA Collective and State Law Class have been damaged in that they have not received wages due to them pursuant to Ohio Law.

### COUNT THREE
**(Ohio Semimonthly Wage Payment Violations)**

83.     Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

84.     Plaintiffs bring this claim for violation of Ohio Law, O.R.C. § 4113.15, on behalf of themselves and other members of the FLSA Collective and State Law Class.

85.     O.R.C. § 4113.15(A) required Defendants to pay "on or before the first day of each month … employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month." Defendants' failure to timely pay Plaintiffs and other members of the FLSA Collective all wages, including overtime wages, violated Ohio's semimonthly payment of wage requirements, O.R.C. § 4113.15(A).

86.     Plaintiffs' and other members of the FLSA Collective's and the State Law Class's unpaid wages have remained unpaid for more than 30 days beyond their regularly scheduled payday in violation of O.R.C. § 4113.15(A). By their acts and omissions described in this Complaint, Defendants have violated Ohio's semimonthly payment of wage requirements, O.R.C. § 4113.15, and Plaintiffs and other members of the FLSA Collective and State Law Class have been injured as a result.

87.     Defendants' violations of Ohio's semimonthly payment of wage requirements, O.R.C. § 4113.15, injured Plaintiffs and other members of the FLSA Collective in that they did not receive wages due to them in a timely fashion as required by Ohio Law.

88.     Defendants knowingly, willfully, and/or in reckless disregard carried out an unlawful pattern and practice of failing to pay Plaintiffs and other members of the FLSA Collective all wages owed in a timely fashion as required by Ohio Law. Defendants' deliberate

failure to timely pay all compensation owed to Plaintiffs and other members of the FLSA Collective was neither reasonable, nor was the decision not to pay in accordance with O.R.C. § 4113.15 made in good faith. By engaging in these practices, Defendants willfully violated federal and state law and regulations thereunder that have the force of law.

89.     As a result of Defendants' violation of Ohio Law, Plaintiffs and other members of the FLSA Collective and State Law Class are entitled to unpaid wages and liquidated damages pursuant to O.R.C. § 4113.15.

## COUNT FOUR
### (Civil Action for Damages for Criminal Acts)

90.     Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

91.     Plaintiffs bring this claim pursuant to Ohio's statue providing for Civil Violations for Criminal Acts, O.R.C. § 2307.60, on behalf of themselves and other members of the FLSA Collective and State Law Class.

92.     At all times relevant, Defendants were covered by the FLSA, 29 U.S.C. § 201, *et seq.,* and Ohio Law, and Plaintiffs and other members of the FLSA Collective and State Law Class have been employed by Defendants within the meaning of the FLSA and Ohio Law.

93.     Defendants' deliberate failure to compensate overtime hours worked "at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek" was a willful violation of the FLSA, 29 U.S.C. § 201, *et seq.*

94.     Defendants' failure to timely pay Plaintiffs and other members of the FLSA Collective and State Law Class all wages, including overtime wages, violated Ohio's Prompt Pay Act, O.R.C. § 4113.15(A), was a willful violation of the FLSA, 29 U.S.C. § 201, *et seq.,* and was

a willful violation of the Ohio overtime compensation requirements set forth in O.R.C. §

4111.03.

95.      By their acts and omissions described in this Complaint, Defendants have

willfully[5] violated the FLSA, and Plaintiffs and the State Law Class have been injured as a result.

O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover

damages in a civil action, including exemplary and punitive damages.[6]

96.      In addition, by their willful acts and omissions described in this Complaint,

Defendants have violated the FLSA, 29 U.S.C. § 201, *et seq.,* the Ohio overtime compensation

statute, O.R.C. § 4111.03, Ohio's Prompt Pay Act, O.R.C. § 4113.15, and Plaintiffs and the State

Law Class have been injured as a result. O.R.C. § 4111.99(A) provides that "[w]hoever violates

division (A) or (D) of section 4111.13 of the Revised Code is guilty of a misdemeanor of the

fourth degree." O.R.C. § 4111.13(D) further provides that "[n]o employer shall otherwise violate

sections 4111.01 to 4111.17 of the Revised Code, or any rule adopted thereunder. Each day of

violation constitutes a separate offense." O.R.C. § 2307.60 permits anyone injured in person or

property by a criminal act to recover damages in a civil action, including exemplary and punitive

damages.[7]

97.      Defendants' willful violations of Federal and Ohio Law injured Plaintiffs and

other members of the FLSA Collective and State Law Class in that they did not receive wages

due to them pursuant to these statutory and/or other laws and regulations.

---

[5] 29 U.S.C. § 216(a) provides that "[a]ny person who willfully violates any of the provisions of
section 215 of this title shall upon conviction thereof be subject to a fine of not more than
$10,000, or to imprisonment for not more than six months, or both."
[6] *Buddenberg v. Weisdack*, 2020-Ohio-3832 (Ohio Supreme Court, 2020) (holding that claim
under O.R.C. § 2307.60 requires a *criminal act*, not a criminal conviction); *see, e.g., Waters v.
Pizza*, S.D.Ohio No. 3:19-cv-372, 2021 U.S. Dist. LEXIS 11743, at *14 (Jan. 22, 2021)
(certifying O.R.C. § 2307.60 Fed. R. Civ. P. 23 class action).
[7] *Id.*

98.      As a result of Defendants' willful violations of the FLSA and Ohio Law, Plaintiffs

and other members of the FLSA Collective and State Law Class are entitled to compensatory,

exemplary and punitive damages pursuant to O.R.C. § 2307.60.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and all other members of the FLSA

Collective and State Law Class, respectfully pray that this Honorable Court:

A.      Conditionally certify this case as an FLSA "collective action" pursuant to 29
U.S.C. § 216(b) as to the FLSA Collective and direct that Court-approved notice
be issued to similarly-situated persons informing them of this action and enabling
them to opt in;

B.      Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of
Plaintiffs and other members of the State Law Class;

C.      Enter judgment against Defendants, jointly and severally, and in favor of
Plaintiffs, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the
members of the State Law Class;

D.      Award compensatory damages to Plaintiffs, the Opt-Ins who join this case
pursuant to 29 U.S.C. § 216(b), and the members of the State Law Class in the
amount of their unpaid overtime wages, as well as liquidated damages in an equal
amount, in addition to penalty damages;

E.      Award Plaintiffs and other members of the FLSA Collective and State Law Class
all damages allowed by Ohio Law, including but not limited to O.R.C. § 4113.15,
which entitles Plaintiffs and other members of the FLSA Collective and State Law
Class to in an amount equal to six per cent of the amount of the unpaid wages still
unpaid or two hundred dollars per FLSA Collective and State Law Class member,
whichever is greater;

F.      Award compensatory, exemplary and punitive damages under O.R.C. § 2307.60;

G.      Designation of Plaintiffs as representative of the Rule 23 State Law Class, and
counsel of record as Class Counsel for the Class;;

H.      Award Plaintiffs and other members of the FLSA Collective and State Law Class
prejudgment interest, post-judgment interest, litigation expenses and costs,
attorneys' fees incurred in prosecuting this action, expert fees, as well as statutory
and/or punitive damages and an award of damages representing Defendants'

employers' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes; and

I.      Enter such other and further relief as this Court deems equitable, just, and proper.

Respectfully Submitted,

*s/ Ryan A. Winters*
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
**SCOTT & WINTERS LAW FIRM, LLC**
P: (216) 912-2221    F: (440) 846-1625
50 Public Square, Suite 1900
Cleveland, Ohio 44113
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com

Kevin M. McDermott II (0090455)
**SCOTT & WINTERS LAW FIRM, LLC**
P: (216) 912-2221    F: (440) 846-1625
11925 Pearl Rd., Suite 310
Strongsville, Ohio 44136
kmcdermott@ohiowagelawyers.com

*Attorneys for Plaintiffs and*
*Putative Class Counsel*

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

*s/ Ryan A. Winters*
Ryan A. Winters (0086917)