IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TINA ULM, *et al.*, | ) | CASE NO.: 5:23cv00213 |
| | ) | |
| Plaintiffs, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | UNOPPOSED MOTION TO FILE |
| | ) | SETTLEMENT AGREEMENT |
| ARTEMIS CARE, LLC, *et al.*, | ) | UNDER SEAL |
| | ) | |
| Defendants. | ) | |

Defendants, Artemis Care, LLC, Farah Jafri, and John Thomas Stenger, Jr., request that this Court permit the parties to file the unredacted Collective Action Settlement Agreement ("Agreement") under seal for Court approval. Plaintiffs do not oppose this motion.

Defendants intend to file a copy of the Agreement with only the monetary amounts redacted on the public docket. This copy is attached to the parties' joint motion seeking Court approval to the parties' settlement. The remainder of the Agreement will not be redacted. With the Court's approval, another copy of the Agreement, without any redaction, will be filed under seal for the Court's consideration. In this way, only the settlement amounts will be sealed, the Defendant's interest in confidentiality will be protected, and the public will still have all the benefit of public disclosure of the settlement.

District Courts in Ohio routinely permit the filing of settlement agreements under seal at the request of the parties, even in cases like this one, where the allegations pertain to the FLSA. *See, e.g.*, *Zwerin v. 533 Short North LLC*, 15 F. Supp. 3d 769, 771 (S.D. Ohio 2014) (noting the court's approval of filing settlement agreement under seal when considering joint motion for

approval of FLSA settlement), aff'd, 568 F. App'x 374 (6th Cir. 2014); *Rodkey v. 1-800 Flowers Service Support Center, Inc.*, No. 3:16-cv-00311-TMR-MJN, (S.D. Ohio Oct. 19, 2018) (Order Granting Joint Motion To Seal, ECF No. 137 at PageID 1118-19 permitting the parties to file a redacted copy of the settlement agreement, maintaining the payment terms as confidential); *Gentrup v. Renovo Servs., LLC*, No. 1:07CV430, 2011 U.S. Dist. LEXIS 67887, at *5, *15 (S.D. Ohio June 24, 2011) (granting motion to approve negotiated FLSA settlement agreement and release of claims for 106 plaintiffs, which was "filed under seal pursuant to the terms of the parties' Protective Order"). *See also Wade v. Werner Trucking Co.*, No. 2:10-cv-00270-EAS-MRA (S.D. Ohio May 12, 2014) (Order Granting Motion for Leave to File Settlement Documents Under Seal, ECF No. 150 at PageID 3047); *Coverdale v. Elite Auto Services, LLC*, No. 2:14-cv-00808-EAS-EPD, (S.D. Ohio Apr. 21, 2015) (Order Granting Motion for Leave to File Settlement Documents Under Seal, ECF No.28 at PageID 164-66); *Sanscrainte v. Darpan Mgmt., Inc.*, No. 2:16-cv-01165- EAS-CMV, (S.D. Ohio May 22, 2018) (Order Granting Motion for Leave to File Settlement Documents Under Seal, ECF No. 36 at PageID 180); *Maddox v. Village of Lincoln Heights, Ohio*, No. 1:13-cv-00889-MRB, (S.D. Ohio Mar. 19, 2015) (Motion for Leave to File Joint Motion for Approval of Joint Stipulation of Settlement Under Seal, ECF No. 40 at PageID 325-27); *Thilberg v. Patterson Rest. Grp.*, No. 1:14-cv-00139-MRB, (S.D. Ohio May 14, 2014) (Order Granting Motion for Leave to File Confidential Settlement Documents Under Seal, ECF No. 13 at PageID 73); *Yassine v. Jeddo Kabab, LLC*, No. 2:16-cv-591-GCS-EPD, (S.D. Ohio Jan. 12, 2017) (Order Granting Joint Motion for Court Approval of Settlement, ECF No. 18 at PageID 93).

In this case, Defendants' request is narrowly tailored to restrict only the necessary portions of the settlement agreement from public view–the monetary amounts. The public will

still have full access to all other settlement terms. Indeed, pursuant to the terms of the Agreement, all current and former hourly employees of Defendant who performed home care and/or related services will be sent notice of the matter. There is no danger that the public will be restricted from viewing the outcome of this matter.

Defendants deny any wrongdoing in connection with this action. The Agreement was reached to resolve Plaintiffs' claims to avoid the costs and uncertainty associated with collective action litigation. As such, Defendants have a substantial interest in excluding the amounts of the settlement from the public record to avoid negative publicity from those who would undoubtedly misconstrue the payment amounts as an admission of guilt. *See, e.g., Henness (In re Ohio Execution Protocol Litig.)*, No. 2:11-cv-1016, 2019 U.S. Dist. LEXIS 8200, at 233 n.46 (S.D. Ohio Jan. 14, 2019) (noting that third-party was identified only under seal to obviate issues of possible harassment).

Employees will be able to determine their rights and obligations with the total settlement figure redacted just the same as if they were not redacted. When Courts have denied requests to file under seal it has been due to the public interest in allowing employees to determine their rights and obligations. This case is different because they entire Agreement is not going to be sealed, only the dollar figures will be redacted and sealed. The Agreement and all other pertinent documents will be available to the public to allow employees to determine their rights and obligations. The total amount of the settlement does not affect the employees' rights and obligations and its disclosure is not necessary.

The parties, the public, and the Court have a mutual interest in the just and efficient resolution of claims, and where confidentiality facilitates resolution, it should be permitted. The filing of a redacted copy of the Agreement will not impede employees from determining their

3

rights and obligations nor impair the Court's administration of the settlement.

WHEREFORE, Defendants respectfully request that this Court grant this Motion, permit the parties to attach the Agreement to the motion seeking Court approval of the settlement with monetary settlements redacted, and permit Defendants to file the unredacted Agreement under seal with the Court for approval.

                                                Respectfully submitted,

                                                DINN, HOCHMAN & POTTER, LLC

                                                */s/ Andrew J. Yarger*
                                                STEVEN B. POTTER (0001513)
                                                ANDREW J. YARGER (0086919)
                                                6105 Parkland Boulevard, Suite 100
                                                Cleveland, Ohio 44124
                                                Telephone: (440) 446-1100
                                                Facsimile: (440) 446-1240
                                                E-Mail: spotter@dhplaw.com
                                                E-Mail: ayarger@dhplaw.com
                                                Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2023 a copy of the foregoing Unopposed Motion to File Settlement Agreement under Seal was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic notification system. Parties may access this filing at any time through the Court's electronic docket.

                                                DINN, HOCHMAN & POTTER, LLC

                                                */s/ Andrew J. Yarger*
                                                STEVEN B. POTTER (0001513)
                                                ANDREW J. YARGER (0086919)
                                                Attorneys for Defendants