## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| TINA ULM, et al., *individually and on behalf of all others similarly situated*, | ) ) ) | CASE NO. 5:23-cv-213 |
| PLAINTIFFS, | ) ) ) | JUDGE SARA LIOI |
| v. | ) ) ) | MEMORANDUM OPINION AND ORDER |
| ARTEMIS CARE LLC, et al., | ) ) ) | |
| DEFENDANTS. | ) | |

Before the Court is the parties' joint motion for approval of settlement and dismissal of the case (Doc. No. 28 (Motion)), supported by the Declaration of Ryan A. Winters (Doc. No. 28-2 (Declaration)). The Court, having been sufficiently advised, has reviewed the settle agreement and release ("Agreement") as well as the pleadings and papers filed in this action, and concludes that it is fair, reasonable, and adequate, and that the settlement is the result of negotiations over contested litigation to resolve a bona fide dispute.

### I.    BACKGROUND

On February 3, 2023, plaintiffs Jared and Tina Ulm filed a complaint, alleging that defendants Artemis Care LLC, Farah Jafri, and John Thomas Stenger, Jr. (jointly, "defendants") violated the FLSA and Ohio Minimum Fair Wage Standards Act by failing to pay them, and other potential plaintiffs to the collective action, all the overtime compensation to which they were

entitled. (Doc. No. 1 (Complaint) ¶ 29.[1]) Defendants denied liability on both legal and factual grounds. (Doc. No. 28-2 ¶ 17.)

The parties engaged in formal mediation before Magistrate Judge Henderson on August 30, 2023. (Minutes of Proceedings [non-document], 8/30/2023.) The parties reached an agreement at mediation and were directed to file the necessary motions to effectuate their settlement. (Doc. No. 19 (Order).) After several requests for extension,[2] the parties filed their joint motion for approval of settlement on January 2, 2023. (Doc. No. 28.)

The settlement will cover plaintiffs Tina Ulm and Jared Ulm and the opt-in plaintiffs as provided for in the agreement. (*Id.* at 4.) Opt-in plaintiffs who will be covered by the settlement will include representative plaintiffs Tina Ulm and Jared Ulm and "all current and former hourly employees of Defendants who performed home care and/or related services and who worked overtime hours but were not paid overtime compensation for all overtime hours worked from February 4, 2020 to February 3, 2023" who join this action pursuant to the FLSA, 29 U.S.C. § 216(b), by signing and returning a "Consent to Join Claim Form & Release" as described in the agreement. (*Id.*)

## II.    APPLICABLE LAW

"Employees are guaranteed certain rights by the FLSA, and public policy requires that these rights not be compromised by settlement." *Crawford v. Lexington-Fayette Urban Cnty. Gov't*, No. 06-299, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008). "The central purpose of the FLSA is to protect covered employees against labor conditions 'detrimental to the maintenance of

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic docketing system.

[2] The parties filed a join motion for extension of time on November 13, 2023, contingent upon a follow-up conference with Magistrate Judge Henderson. (Doc. No. 24 (Motion for Extension).) While that motion was pending, the parties filed a motion to file their settlement agreement. Accordingly, the motion for extension is denied as moot.

the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Id.* (quoting 29 U.S.C. § 202) (further citation omitted).

The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706, 65 S. Ct. 895, 89 L. Ed. 1296 (1945); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). The first exception involves FLSA claims that are supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c). *Lynn's Foods*, 679 F.2d at 1353. The second exception, applicable here, encompasses instances where a federal district court approves the settlement of a suit brought pursuant to § 216(b) of the FLSA. *Id.*

In reviewing the settlement of a plaintiff's FLSA claims, the district court must "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Grp. LLC*, No. 4:09CV1608, 2010 WL 2490989, at *5 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2000) (further citation omitted)). The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id.* (citing *Crawford*, 2008 WL 4724499, at *3). The Court should also consider the following factors: the risk of fraud or collusion; the complexity, expense, and likely duration of the litigation; the amount of discovery completed; the likelihood of success on the merits; and the public interest in settlement. *Crawford*, 2008 WL 4724499, at *3 (citing *Int'l Union, United Auto., Aerospace, and Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). Where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable. *See generally Reed v. Rhodes*, 179 F.3d 453, 471

(6th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)).

### III.    ANALYSIS

At the outset, the Court finds that the divergent views of the facts and the law presented a bona fide dispute that, had the parties not reached settlement, would have necessitated resolution by the Court and/or a jury. The parties' motion confirms the same. (Doc. No. 28 ¶ 4.) In particular, the parties disagreed both on the likelihood of success on the merits and whether the case was suitable to proceed as a collective action. (*Id.*) While the Court is not in a position to assess the likelihood of success on the merits, the Court finds that the other relevant factors weigh in favor of approving the settlement.

Having reviewed the terms of the settlement, the Court finds that the settlement represents a fair and reasonable resolution to the bona fide dispute. Further, the Court notes that the settlement was the result of arms-length negotiations between parties that were represented by able counsel. (*Id.* ¶ 3.) As such, the Court finds no risk of fraud or collusion.

The Court finds that the total settlement amount and the net settlement fund amount, as well as the distribution methodology which will determine each opt-in plaintiffs' individual settlement amount and settlement percentage as described in the agreement, are fair and reasonable. The Court agrees with the parties that the anticipated individual settlement payments represent an excellent result, especially in light of the uncertainty inherent in litigation. Moreover, the Court has taken into account the opinion of counsel in this collective action, who has expressed the opinion that the proposed settlement is a fair and adequate compromise of the disputed claims. (Doc. No. 28 ¶ 6.) Accordingly, payments shall be distributed in the manner, and subject to the terms and conditions, set forth in the agreement.

The notice protocols described in the agreement, along with the "Notice of Settlement of Wage Lawsuit" ("Notice") and the "Consent to Join Claim Form & Release" ("Consent Form"), are approved. See Fed. R. Civ. P. 83(b); 29 U.S.C. § 216(b). Notice is approved to be sent to the potential opt-ins as defined in the agreement—"all current and former hourly employees of Defendants who performed home care and/or related services and who worked overtime hours but were not paid overtime compensation for all overtime hours worked from February 4, 2020 to February 3, 2023"—pursuant to the protocols outlined in the agreement. (Doc. No. 28-1 ¶¶ 6–7.)

Potential opt-ins desiring to include themselves in the settlement must do so in writing or by completing the consent form sent by the administrator. (*Id.* ¶ 7.) Completed consent forms must be returned to the administrator pursuant to the instructions in the notice and consent form and must be postmarked within sixty (60) calendar days after the notice to potential opt-ins initial mailing date by the administrator. (*Id.*) All timely executed consent forms from eligible opt-in plaintiff settlement participants must be filed by plaintiffs' counsel with the Court within twenty-one (21) days after the consent period is completed. (*Id.* at ¶ 8.)

The Court approves Settlement Services, Inc. (2032-D Thomasville Road, Tallahassee, FL 32308) to serve as settlement administrator. The Court approves the amount of costs of administration to be paid to the administrator, and orders that such payment be made in the manner, and subject to the terms and conditions, set forth in the agreement. (*Id.* ¶ 10.)

The settlement provides for a service award to the plaintiffs, Jared and Tina Ulm. (*Id.* ¶ 12.) Such awards are not uncommon, and "courts routinely approve incentive awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the litigation." *Dillsworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 WL 776933, at *7 (N.D. Ohio Mar. 8, 2010) (quoting *Cullen v. Whitman Med. Corp.*, 197 F.R.D. 136,

145 (E.D. Pa. 2000)). Jared and Tina Ulm played an active role in assisting plaintiffs' counsel. (See Doc. No. 28-2 ¶ 32.) As such, the Court approves the modest service award to the representative plaintiffs in recognition of their service in this action.

The Court further finds that the attorney's fees in this case are reasonable. Attorneys Joseph F. Scott, Ryan A. Winters, and Kevin M. McDermott II charged fees of $500 per hour, $425 per hour, and $400 per hour, respectively. (Doc. No. 28-2 ¶ 36.) Such fees are reasonable for experienced attorneys in this district. *See McKnight v. Erico 'Int'l Corp.*, 655 F. Supp. 3d 645, 665–66 (N.D. Ohio 2023) (finding hourly rates of $500, $425, and $400 reasonable). Plaintiffs' counsel spent a combined 118.5 hours on this case and calculated their fee lodestar to be $49,225.00. (Doc. No. 28-2 ¶ 43.) The settlement provides for a lodestar multiplier of 1.28. (*Id.*) This lodestar falls within the accepted range for such settlements. *See McKnight*, 655 F. Supp. 3d at 666–67 (approving a lodestar multiplier of 1.29). Moreover, the Court notes that the attorney's fee award amount aligns with the amounts awarded in other FLSA collective action cases in the Northern District of Ohio. See *White v. Premier Pallet & Recycling, Inc.*, No. 5:18-cv-1460, 2018 WL 4913678, at *3 (N.D. Ohio Oct. 10, 2018) (collecting cases).

## IV.    CONCLUSION

For the foregoing reasons, the Court approves the parties' joint motion for approval of settlement. (Doc. No. 28.) The claims in plaintiff's complaint are dismissed with prejudice, and this case is closed. The Court retains jurisdiction over this action to enforce the terms of the settlement.

**IT IS SO ORDERED**.

Dated: January 12, 2024

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

6